UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLORIA MARIGNY,

        Plaintiff,

    v.                                                    Case No. 18-cv-1386-pp

CENTENE MANAGEMENT COMPANY LLC,

        Defendant.

**ORDER DENYING WITHOUT PREJUDICE PLAINTFF'S REQUEST FOR TELEPHONE CONFERENCE REGARDING DEPOSITION (DKT. NO. 33)**

On October 1, 2019, the court granted the defendant's motion to extend the discovery deadline to December 30, 2019 because the plaintiff had not provided written discovery in advance of her deposition scheduled for October 28, 2019. Dkt. No. 32. On November 12, 2019, the plaintiff, representing herself, filed a request for a telephonic conference regarding her deposition. Dkt. No. 33. The motion contains one sentence: "Motion requesting for Telephone Conference with Hon. Judge Pamela Pepper reference to Deposition scheduled. Pursuant LR 16-2(c)." Dkt. No. 33.

On November 15, 2019, the defendant filed a letter, indicating that because the plaintiff's motion didn't contain any details, the defendant didn't know what her issue was with the deposition and why she had asked for a hearing. Dkt. No. 34. The defendant asked the court to deny the motion until the parties could meet and confer, to try to resolve whatever issue the plaintiff had. Id.

1

Six days later, the court received a handwritten letter from the plaintiff. Dkt. No. 35. She said that she was asking for a telephone conference ahead of the second part of her deposition, scheduled for November 22, 2019 at 9:00 a.m. Id. at 1. She said that at the first part of her deposition, one of the defendant's lawyers had entered an exhibit from a twenty-year-old civil case that the plaintiff claims contained false information. Id. at 1-2.

The plaintiff goes on for six pages, recounting various things that she says counsel did that she believes were intimidating, inaccurate, irrelevant and harassing. The plaintiff cites "Local Rule 30-6," and says that in that rule the court "makes itself available to immediately intervene if" the parties have a dispute. Id. at 3. She also references Local Rule 16-2(c). Id. at 4.

There are several problems with the documents the plaintiff has filed. Her motion consisted of a single sentence, and did not explain why she wanted a hearing. It did not comply with this court's Civil Local Rule 7(a), which requires every motion "to state the statute or rule pursuant to which it is made," as well as a supporting memorandum or a certificate that no memorandum is necessary.

The defendant responded that it was willing to meet and confer with the plaintiff to try to work out whatever problem might exist. Dkt. No. 34. Instead of doing that, the plaintiff responded with a list of complaints about defense counsel. That response violates this court's Civil Local Rule 37, which says that any party seeking to compel disclosure or discovery (or, in the plaintiff's case, object to discovery) must file a motion, accompanied by a written certification

that the party "in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," but that the parties couldn't reach agreement. The plaintiff has not provided such a certificate (despite the defendant having offered to meet and confer).

The plaintiff also refers in her response to Local Rule 30-6. This court does not have a local rule 30-6. This court's local rules are on its web site, https://www.wied.uscourts.gov/local-rules-and-orders. There is a Rule 30 of the *Federal* Rules of Civil Procedure that relates to depositions, but that rule says nothing about the court making itself immediately available to resolve disputes. It provides a procedure for making a motion to terminate a deposition, Fed. R. Civ. P. 30(d)(3), but the plaintiff has not followed that procedure. This court does have a Civil Local Rule 16, and there is a Federal Rule 16(c), but it has to do with pretrial conferences, not depositions.

The plaintiff filed this lawsuit. Even though she apparently hasn't been able to find a lawyer, she must comply with the court's local rules and with the Federal procedural rules.[1] If she wants the court to do something, she must file a motion that complies with the court's local and procedural rules. She must make good-faith attempts to work out discovery issues with the defendant's lawyers before filing anything with the court.

---

[1] At the scheduling conference on March 20, 2019, the plaintiff indicated that she was trying to find a lawyer and expected to do so within the month.

3

The court **DENIES WITHOUT PREJUDICE** the plaintiff's request for telephone conference regarding deposition. Dkt. No. 33.

Dated in Milwaukee, Wisconsin this 3rd day of December, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**