UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLORIA MARIGNY,

        Plaintiff,

                                            Case No. 18-cv-1386-bhl

v.

CENTENE MANAGEMENT COMPANY LLC,

        Defendant.

# ORDER

On October 21, 2020, the Court denied *pro se* plaintiff's "Motion to Appoint New Judge." (ECF No. 65.) On October 30, 2020, plaintiff filed a second motion requesting "Judge Excusal." (ECF No. 66.) On December 22, 2020, plaintiff filed yet another motion requesting a new judge. (ECF No. 68.) The Court will treat these new requests as motions to recuse the district court judge under 28 U.S.C. §§144 and 455.[1] The Court will deny both motions.

As the Court explained in its October 21, 2020 Order, "[a] trial judge has as much obligation not to recuse himself when there is no occasion for him to do so [under 28 U.S.C. §144] as there is for him to do so when the converse prevails." *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 717 (7th Cir. 2004) (quoting *United States v. Ming*, 466 F.2d 1000, 1004 (7th Cir. 1972)). Here, the Court must deny plaintiff's continued requests for recusal because nothing in plaintiff's filings presents a basis for recusal. Plaintiff states that she truly believes the currently assigned judge is "prejudiced/Bias[ed] against" her and points to aspects of the judge's employment history, including his previous experience as an insurance lawyer and as a bankruptcy judge sitting in Madison and Eau Claire, Wisconsin. Nothing in this employment history has anything to do with the plaintiff or her case. Plaintiff's general assertions are not the kind of specific facts that might warrant recusal. *See Hoffman*, 368 F.2d at 718. Accordingly, plaintiff's request for recusal under 28 U.S.C. §144 is denied.

---

[1] Plaintiff also cites Wis. Stat. §751.19(2)(g), which applies only in state court. Plaintiff has filed her case in federal court and thus section 751.19(2)(g) is inapplicable.

Plaintiff also cites to 28 U.S.C. §455, but that statute also does not support disqualification. Section 455(a) requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (REHNQUIST, C.J., respecting recusal). This is an objective inquiry. *Id.* The Court must look at any potential conflicts or bias "from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Id.* There is nothing in any of plaintiff's three motions that would cause a "reasonable observer who is informed of all of the surrounding facts and circumstances" to question the judge's impartiality. Therefore, there is no basis for recusal under 28 U.S.C. §455.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motions, (ECF Nos. 66, 68), are **DENIED**.

Dated at Milwaukee, Wisconsin on December 28, 2020.

    s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge